Curtis A. Graham, Bar No. 215745
Michelle Rapoport, Bar No. 247459
E. Cliff Martin, Bar No. 227357
FORD & HARRISON LLP
350 South Grand Avenue, Suite 2300
Los Angeles, CA 90071
Telephone: (213) 237-2400
Facsimile: (213) 237-2401
E-mail: cgraham@fordharrison.com
mrapoport@fordharrison.com
cmartin@fordharrison.com

Attorneys for Defendants
Lawyers Title Company, Lawyers Title Insurance Corporation, Commonwealth Land Title Insurance Company, Commonwealth Land Title Company, Fidelity National Title Insurance Company, and Chicago Title Insurance Company

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAURA PETERS, CLAUDINE KUHN, MICHELLE MANNING, on behalf of themselves and all other similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>LANDAMERICA FINANCIAL GROUP, INC., a Virginia Corporation; FIDELITY NATIONAL TITLE INSURANCE COMPANY, a California Corporation; CHICAGO TITLE INSURANCE CORPORATION, a Nebraska Corporation, and DOES 5-100, inclusive,<br><br>Defendants. | Case No. CV11-04286 DSF(FFMx)<br><br>**DEFENDANT CHICAGO TITLE COMPANY'S NOTICE OF FILING A PETITION FOR REMOVAL OF CIVIL ACTION PURSUANT TO 28 U.S.C. §§ 1446; DECLARATIONS OF KELLY FEESE AND MICHELLE RAPOPORT IN SUPPORT THEREOF** |

TO THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA AND TO PLAINTIFFS LAURA PETERS, CLAUDINE KUHN, AND MICHELLE MANNING AND THEIR ATTORNEYS OF RECORD:

FORD & HARRISON LLP
ATTORNEYS AT LAW
LOS ANGELES

LA:105035.1                                                                                       DEFENDANT'S NOTICE OF REMOVAL

11. Chicago Title does not need consent or joinder by other defendants in this action to effectuate removal under 28 U.S.C. section 1332(d). 28 U.S.C. § 1453(b).

12. In addition, for purposes of removal, the citizenship of absent fictitiously-named "Doe" defendants is to be disregarded. 28 U.S.C. § 1441(a).

13. Accordingly, there exists diversity of citizenship in this action between Plaintiff and Defendant within the meaning of 28 U.S.C. section 1332.

### Class Action Fairness Act - The Amount In Controversy Exceeds $5,000,000

14. Chicago Title generally and specifically denies Plaintiffs' allegations and Claims for Relief within the First Amended Complaint.

15. In assessing the amount in controversy, however, a court must assume that a jury will return a verdict for the plaintiff on all class claims. See e.g., Kenneth Rothchild Trust v. Morgan Stanley Dean Witter, 199 F.Supp. 993, 1001 (C.D. Cal. 2002).

16. Plaintiffs seek to represent individuals employed in California as: title assistants, escrow assistants, title coordinators, assistant title coordinators, assistant commercial coordinators, and/or equivalent positions. (First Amended Complaint, ¶ 18.) From September 3, 2004 to the present, more than 300 individuals were employed in these job categories in California. (See Feese Decl., ¶ 9.)

17. Plaintiffs' hourly rates varied from $18.00 per hour to $18.50. (See Feese Decl., ¶¶ 7-8.)

18. The First Amended Complaint's First Claim for Relief (Overtime Compensation) seeks premium pay for overtime hours worked. The amount in controversy for Plaintiff's First Claim for Relief exceeds $8,100,000. The calculation is based upon the following:

    a. Premium pay for each hour worked over eight and under twelve in a day is $27.00 ($18.00 * 1.5).

  b. Assuming one overtime hour worked per day at an average hourly rate of $27.00, multiplied by 5 days per week, multiplied by 50 workweeks per year equals $6,750 per employee per year;

  c. $6,750 multiplied by 300 employees is $2,025,000;

  d. $2,025,000 multiplied by four, due to the alleged four-year limitations period, is $8,100,000.

19. The First Amended Complaint's Second Claim for Relief (Failure to Timely Pay Wages at Termination) alleges 30 days of wages for each class member as a penalty for each willful failure to pay wages at termination or within 72 hours of resignation. The amount in controversy for Plaintiff's Second Claim for Relief exceeds $1,296,000. The calculation is based upon the following:

  a. Assuming each employee seeks the available damages for the alleged violations of Labor Code section 203, each employee would be entitled to 30 days of wages as penalty pay (regular wages per day multiplied by 30 days);

  b. There are approximately 300 former employees within the class.

  c. The approximate average daily wage of the former employees is $144.

  d. Thirty days of penalty pay for each of 300 former employees, times an approximate average daily wage of $144 is $1,296,000.

20. The First Amended Complaint's Third Claim for Relief (Illegal Record Keeping) alleges up to a $4,000 penalty per employee for an alleged failure to provide accurate wage statements to putative class members. The alleged amount in controversy for Plaintiffs' Third Claim for Relief therefore exceeds $1,200,000 ($4000 times 300 employees) for the alleged putative class members.

21. Thus, with their class allegations, Plaintiffs seek a total of at least $10,596,000 in their First, Second, and Third Claims for Relief. Plaintiffs seek an additional amount of damages and/or penalties in their Fourth Claim for Relief, but the alleged amounts are currently unknown.

22. The First Amended Complaint also seeks attorneys' fees. (See First Amended Complaint, Prayer ¶ 9.) Importantly, when determining whether a complaint meets the amount in controversy requirements, attorneys' fees must be taken into account when calculating the total amount in controversy. See Galt G/S v. JSS Scandinavia, 142 F.3d 1150, 1155-1156 (9th Cir. 1998).

23. In similar class action litigation matters, courts routinely grant attorneys' fees awards in the range of 25% to 33% of the settlement or verdict amount. See e.g., In re Activision Securities Litigation, 723 F.Supp. 1373, 1378 (N.D. Cal. 1989). As such, Plaintiff's counsel's potential attorneys' fee award, assuming the recoveries set forth above, would likely exceed $2,649,000 (25% of $10,596,000).

24. Accordingly, based on Plaintiffs' allegations in the First Amended Complaint, Plaintiffs present a total amount in controversy that exceeds the requirements of 28 U.S.C. section 1332(d).

**Timely Removal**

25. The instant Notice of Filing a Petition for Removal of Civil Action has been timely filed pursuant to 28 U.S.C. § 1446(b). This Notice is filed within thirty (30) days of Chicago Title's counsel's receipt of the proposed First Amended Complaint, the joint filing of the stipulation to file the proposed First Amended Complaint, the Superior Court's order granting permission to file the proposed First Amended Complaint, and the actual filing and service of the proposed First Amended Complaint; and the Superior Court in which this action is commenced is within this Court's district and division.

**Notice To Plaintiff And The Superior Court**

26. As required by 28 U.S.C. § 1446(d), Defendant will give notice of this removal to Plaintiffs.

27. As required by 28 U.S.C. § 1446(d), a copy of this Notice of Removal will be filed with the Superior Court.

PLEASE TAKE NOTICE that defendant Chicago Title Insurance Corporation, erroneously named herein as Chicago Title Insurance Company ("Chicago Title"), by and through its undersigned counsel, hereby removes this action from the Superior Court of the State of California for the County of Los Angeles ("Superior Court") to the United States District Court for the Central District of California pursuant to 28 U.S.C. §§ 1332 and 1441, based on the following:

**Commencement And Pendency Of Action In State Court**

1. On September 3, 2008, Plaintiff Laura Peters ("Plaintiff") filed a Class Action Complaint in the Superior Court (Superior Court Case No. BC397455) captioned as: Laura Peters, on behalf of herself and all others similarly situated, Plaintiff, v. LandAmerica Financial Group, Inc., a Virginia Corporation, and Does 1-100, inclusive, Defendant.

2. Defendant LandAmerica Financial Group, Inc. filed for bankruptcy in November 2008. On October 22, 2009, Plaintiff added defendants Lawyers Title Company, Lawyers Title Insurance Corporation, Commonwealth Land Title Company, and Commonwealth Land Title Insurance Company, as "DOE" defendants ("Doe Defendants").

3. On April 18, 2011, Plaintiffs served on counsel for Doe Defendants a proposed First Amended Complaint adding Fidelity National Title Insurance Company and Chicago Title Insurance Corporation ("Chicago Title").

4. On May 4, 2011, Plaintiff and Doe Defendants jointly filed a Stipulation for Plaintiff to file a First Amended Complaint. On May 6, 2011, the Superior Court granted the stipulation. Soon thereafter, Plaintiff filed the First Amended Complaint adding Fidelity National Title Insurance Company and Chicago Title Insurance Company ("First Amended Complaint").

5. The First Amended Complaint alleges claims for wage and hour violations under California law for all current and former similarly situated

employees from September 3, 2004 to the present. Specifically, the First Amended Complaint alleges claims for: (1) Unpaid Overtime; (2) Failure to Timely Pay Wages Due at Termination; (3) Illegal Record Keeping, and (4) Unfair Business Practices (See First Amended Complaint, attached as Exhibit "A" to the Declaration of Michelle Rapoport).

6. Chicago Title received the First Amended Complaint on May 16, 2011. (See Proof of Service attached as Exhibit "A" to the Declaration of Michelle Rapoport.)

7. Exhibits "A" and "B" constitute all the process, pleadings and orders filed or served upon Defendant (to Defendant's current knowledge) in this action to date.

**Class Action Fairness Act - Diversity Of The Parties**

8. Pursuant to 28 U.S.C. section 1332(d)(2), this Court has original jurisdiction over this matter because it is a "civil action in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs, and is a class action in which – (A) any member of a class of plaintiffs is a citizen of a State different from any defendant . . . ."

9. Plaintiffs Laura Peters and Michelle Manning were/are residents of Los Angeles County at all times relevant to their claims. (See First Amended Complaint, ¶ 4.) Plaintiff Claudine Kuhn, was/is a resident of San Diego County at all times relevant to her claims. (See Id.) Plaintiffs worked in California and used a California address as the location of their residence during their employment. (Declaration of Kelly Feese ("Feese Decl."), ¶ 6.) Thus, Plaintiffs are citizens of California. See 28 U.S.C. § 1332(a)(1) (individual is citizen of State in which he or she is domiciled).

10. Chicago Title is a Corporation incorporated under the laws of the State of Nebraska, and it maintains its principal place of business in the State of Florida. (See Feese Decl., ¶ 3.) Thus, Defendant is a citizen of Nebraska and Florida.

| | |
|---|---|
| 1 | WHEREFORE, Defendant respectfully petitions the removal of the above-captioned action from the Superior Court of the State of California for the County of Los Angeles to this United States District Court for the Central District of California. |

Dated: May 18, 2011

Respectfully submitted,

FORD & HARRISON LLP

By: _____
Curtis A. Graham
Michelle Rapoport
E. Cliff Martin
Attorneys for Defendants
Lawyers Title Company, Lawyers Title Insurance Corporation, Commonwealth Land Title Insurance Company, Commonwealth Land Title Company, Fidelity National Title Insurance Company, and Chicago Title Insurance Company

# PROOF OF SERVICE

I, Karina Ramirez, declare:

I am a citizen of the United States and employed in Los Angeles County, California. I am over the age of eighteen years and not a party to the within-entitled action. My business address is 350 South Grand Avenue, Suite 2300, Los Angeles, California 90071. On February 9, 2011, I served a copy of the within document(s):

**DEFENDANT'S NOTICE OF FILING A PETITION FOR REMOVAL OF CIVIL ACTION PURSUANT TO 28 U.S.C. §§ 1446; DECLARATIONS OF PATRICK MORTIMER AND MICHELLE RAPOPORT IN SUPPORT THEREOF**

☐ by transmitting via facsimile the document(s) listed above to the fax number(s) set forth below on this date before 5:00 p.m.

☒ by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Los Angeles, California addressed as set forth below. I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

☐ by placing the document(s) listed above in a sealed Overnite Express envelope and affixing a pre-paid air bill, and causing the envelope to be delivered to an Overnite agent for delivery.

☐ by personally delivering the document(s) listed above to the person(s) at the address(es) set forth below.

Attorneys for Plaintiffs:
David R. Markham, Esq.
R. Craig Clark, Esq.
James M. Treglio, Esq.
Laura M. Cotter, Esq.
Clark & Markham LLP
600 B Street, Suite 2130
San Diego, CA 92101
Tel:  (619) 239-1321
Fax:  (619) 239-5888

Nicholas Wagner, Esq.
Andrew B. Jones, Esq.
Daniel M. Kopfman, Esq.
Law Offices of Wagner & Jones
111 E. Herndon, Suite 317
Fresno, CA 93720
Tel:  (559) 449-1800
Fax:  (559) 449-0749

Walter Haines, Esq.
United Employees Law Group
65 Pine Ave., #312
Long Beach, CA 90802
Tel:  (877) 696-8378
Fax:  (562) 256-1006

FORD & HARRISON LLP
ATTORNEYS AT LAW
LOS ANGELES

LA:105035.1

DEFENDANT'S NOTICE OF REMOVAL

I declare under penalty of perjury under the laws of the United States of America that the above is true and correct.

Executed on May 18, 2011, at Los Angeles, California.

_____
Karina Ramirez

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY**

This case has been assigned to District Judge Dale S. Fischer and the assigned discovery Magistrate Judge is Frederick F. Mumm.

The case number on all documents filed with the Court should read as follows:

> **CV11- 4286 DSF (FFMx)**

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

================================================================

**NOTICE TO COUNSEL**

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| [X] Western Division | [ ] Southern Division | [ ] Eastern Division |
|---|---|---|
| 312 N. Spring St., Rm. G-8 | 411 West Fourth St., Rm. 1-053 | 3470 Twelfth St., Rm. 134 |
| Los Angeles, CA 90012 | Santa Ana, CA 92701-4516 | Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.

---

CV-18 (03/06)  NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

# UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
## CIVIL COVER SHEET

**I (a) PLAINTIFFS** (Check box if you are representing yourself ☐)
LAURA PETERS, CLAUDINE KUHN, MICHELLE MANNING, on behalf of themselves and all other similarly situated,

**DEFENDANTS**
Lawyers Title Co., Lawyers Title Insurance Corp.; Commonwealth Land Title Insurance Co.; Commonwealth Land Title Co.; Fidelity National Title Insurance Co.; Chicago Title Insurance Company

**(b) Attorneys** (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)
Jeff Geraci, Esq., Cohelan Khoury & Singer, 605 C Street, Suite 200, San Diego, CA 92101, (619) 595-3001; Nicholas Wagner, Esq, Andrew B. Jones, Esq., Daniel M. Kopfman, Esq. Law Offices of Wanger & Jones, 1111 E. Herndon, Suite 317, Fresno, CA 93720, (559) 449-1800; Stephen R. Cornwell, Esq., Cornwell & Sample, 7045 No. Fruit Avenue, Fresno, CA 93711, (559) 431-3142

**Attorneys (If Known)**
Curtis A. Graham/Michelle Rapoport/E. Cliff Martin
Ford & Harrison, LLP.
350 S. Grand Avenue, Suite 2300
Los Angeles, CA 90071, (213) 237-2400

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

1 ☐ U.S. Government Plaintiff
2 ☐ U.S. Government Defendant
3 ☐ Federal Question (U.S. Government Not a Party)
4 ☐ Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ✓1 | 1 | Incorporated or Principal Place of Business in this State | 4 | 4 |
| Citizen of Another State | 2 | ✓2 | Incorporated and Principal Place of Business in Another State | 5 | 5 |
| Citizen or Subject of a Foreign Country | 3 | 3 | Foreign Nation | 6 | 6 |

**IV. ORIGIN** (Place an X in one box only.)

1 ☐ Original Proceeding
✓2 Removed from State Court
3 ☐ Remanded from Appellate Court
4 ☐ Reinstated or Reopened
5 ☐ Transferred from another district (specify):
6 ☐ Multi-District Litigation
7 ☐ Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ✓Yes ☐ No (Check 'Yes' only if demanded in complaint.)
**CLASS ACTION under F.R.C.P. 23:** ☐ Yes ✓No     ☐ MONEY DEMANDED IN COMPLAINT: $ Not Specified

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
28 U.S.C. Sections 1332(d), 1441(b) and 1446. Removal pursuant to the Class Action Fairness Act.

**VII. NATURE OF SUIT** (Place an X in one box only.)

**OTHER STATUTES**
- 400 State Reapportionment
- 410 Antitrust
- 430 Banks and Banking
- 450 Commerce/ICC Rates/etc.
- 460 Deportation
- 470 Racketeer Influenced and Corrupt Organizations
- 480 Consumer Credit
- 490 Cable/Sat TV
- 810 Selective Service
- 850 Securities/Commodities/ Exchange
- 875 Customer Challenge 12 USC 3410
- 890 Other Statutory Actions
- 891 Agricultural Act
- 892 Economic Stabilization Act
- 893 Environmental Matters
- 894 Energy Allocation Act
- 895 Freedom of Info. Act
- 900 Appeal of Fee Determination Under Equal Access to Justice
- 950 Constitutionality of State Statutes

**CONTRACT**
- 110 Insurance
- 120 Marine
- 130 Miller Act
- 140 Negotiable Instrument
- 150 Recovery of Overpayment & Enforcement of Judgment
- 151 Medicare Act
- 152 Recovery of Defaulted Student Loan (Excl. Veterans)
- 153 Recovery of Overpayment of Veteran's Benefits
- 160 Stockholders' Suits
- 190 Other Contract
- 195 Contract Product Liability
- 196 Franchise

**REAL PROPERTY**
- 210 Land Condemnation
- 220 Foreclosure
- 230 Rent Lease & Ejectment
- 240 Torts to Land
- 245 Tort Product Liability
- 290 All Other Real Property

**TORTS PERSONAL INJURY**
- 310 Airplane
- 315 Airplane Product Liability
- 320 Assault, Libel & Slander
- 330 Fed. Employers' Liability
- 340 Marine
- 345 Marine Product Liability
- 350 Motor Vehicle
- 355 Motor Vehicle Product Liability
- 360 Other Personal Injury
- 362 Personal Injury-Med Malpractice
- 365 Personal Injury-Product Liability
- 368 Asbestos Personal Injury Product Liability

**IMMIGRATION**
- 462 Naturalization Application
- 463 Habeas Corpus-Alien Detainee
- 465 Other Immigration Actions

**TORTS PERSONAL PROPERTY**
- 370 Other Fraud
- 371 Truth in Lending
- 380 Other Personal Property Damage
- 385 Property Damage Product Liability

**BANKRUPTCY**
- 422 Appeal 28 USC 158
- 423 Withdrawal 28 USC 157

**CIVIL RIGHTS**
- 441 Voting
- 442 Employment
- 443 Housing/Accommodations
- 444 Welfare
- 445 American with Disabilities - Employment
- 446 American with Disabilities - Other
- 440 Other Civil Rights

**PRISONER PETITIONS**
- 510 Motions to Vacate Sentence Habeas Corpus
- 530 General
- 535 Death Penalty
- 540 Mandamus/Other
- 550 Civil Rights
- 555 Prison Condition

**FORFEITURE/PENALTY**
- 610 Agriculture
- 620 Other Food & Drug
- 625 Drug Related Seizure of Property 21 USC 881
- 630 Liquor Laws
- 640 R.R. & Truck
- 650 Airline Regs
- 660 Occupational Safety /Health
- 690 Other

**LABOR**
- 710 Fair Labor Standards Act
- 720 Labor/Mgmt. Relations
- 730 Labor/Mgmt. Reporting & Disclosure Act
- 740 Railway Labor Act
- ✗790 Other Labor Litigation
- 791 Empl. Ret. Inc. Security Act

**PROPERTY RIGHTS**
- 820 Copyrights
- 830 Patent
- 840 Trademark

**SOCIAL SECURITY**
- 861 HIA (1395ff)
- 862 Black Lung (923)
- 863 DIWC/DIWW (405(g))
- 864 SSID Title XVI
- 865 RSI (405(g))

**FEDERAL TAX SUITS**
- 870 Taxes (U.S. Plaintiff or Defendant)
- 871 IRS-Third Party 26 USC 7609

CV11-04286

**FOR OFFICE USE ONLY:** Case Number: _____

AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

CV-71 (05/08)         CIVIL COVER SHEET         Page 1 of 2

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☒No ☐ Yes
If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☐ No ☒ Yes
If yes, list case number(s): __CV11-01215__

**Civil cases are deemed related if a previously filed case and the present case:**
(Check all boxes that apply)  
☒ A. Arise from the same or closely related transactions, happenings, or events; or
☒ B. Call for determination of the same or substantially related or similar questions of law and fact; or
☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or
☐ D. Involve the same patent, trademark or copyright, <u>and</u> one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named plaintiff resides.
☐ Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles | |

(b) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named defendant resides.
☐ Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| | Jacksonville, Florida |

(c) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH claim arose.
**Note: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles | |

* **Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties**
Note: In land condemnation cases, use the location of the tract of land involved

X. SIGNATURE OF ATTORNEY (OR PRO PER) _Michelle Rapoport_     Date _5/18/11_

**Notice to Counsel/Parties:** The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |