Timothy D. Cohelan, Esq., SBN 60827
Isam C. Khoury, Esq., SBN 58759
Michael D. Singer, Esq., SBN 115301
Jeff Geraci, Esq., SBN 151519
**COHELAN KHOURY & SINGER**
605 C Street, Suite 200
San Diego, CA 92101-5305
Telephone: (619) 595-3001/Facsimile: (619) 595-3000

Nicholas Wagner, Esq., SBN 109455
Andrew B. Jones, Esq., SBN 076915
Daniel M. Kopfman, Esq., SBN 192191
**LAW OFFICES OF WAGNER & JONES**
1111 E. Herndon, Suite 317
Fresno, CA 93720
Telephone: (559) 449-1800/Facsimile: (559) 449-0749

Stephen R. Cornwell, Esq., SBN 040737
**CORNWELL & SAMPLE**
7045 No. Fruit Ave.
Fresno, CA 93711
Telephone: (559) 431-3142/Facsimile: (559) 436-1135

Attorneys for Plaintiffs LAURA PETERS, CLAUDINE KUHN, and MICHELLE MANNING, on behalf of themselves and all others similarly situated

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA - SOUTHERN DIVISION

| | |
|---|---|
| LAURA PETERS, CLAUDINE KUHN, MICHELLE MANNING, on behalf of themselves and all others similarly situated,<br><br>　　　　Plaintiffs,<br><br>　　vs.<br><br>LANDAMERICA FINANCIAL GROUP, INC., a Virginia Corporation; FIDELITY NATIONAL TITLE INSURANCE COMPANY, a California Corporation; CHICAGO TITLE INSURANCE CORPORATION, a Nebraska Corporation, and DOES 5-100, inclusive,<br><br>　　　　Defendants. | CASE NO. CV11-04286-JVS-MGLx<br><br>**<u>CLASS ACTION</u>**<br><br>**REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR REMAND**<br><br>**[28 U.S.C. §1332(d)(6)]**<br><br>Date:　　　　July 18, 2011<br>Time:　　　　1:30 p.m.<br>Courtroom:　10C<br>Judge:　　　Hon. James V. Selna<br><br>Complaint filed:　September 3, 2008<br>Trial Date:　　　None set |

## I. INTRODUCTION

A defendant "bears the burden of setting forth, in the removal petition itself, <u>the underlying facts</u> supporting its assertion that the amount in controversy [is within the jurisdictional threshold of the federal court]." *Gaus*, *supra*, 980 F.2d at 566-567. [emphasis added]. Defendant may point to the language of the Complaint to begin this process, but it cannot do that alone, it must provide sufficient <u>facts</u> to meet its burden. However modest a burden Defendant claims it faces, it must be met with <u>facts</u> in its Notice of Removal and attached declaration.

Defendant has not provided sufficient facts to meet its burden. It is left with "speculation and conjecture," which cannot support removal.

## II. ARGUMENT AND AUTHORITY

### A. <u>Defendant Must Prove Removal is Proper</u>

"The defendant always has the burden of establishing removal is proper." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). To meet its burden, "the removing defendant may proffer 'summary-judgment-type evidence relevant to the amount in controversy at the time of removal.'" *Id.,* at 690. (internal citations omitted).

### B. <u>Defendant's Declaration is Inadmissible</u>

Declarations are routinely used to oppose remand, and there is not a different or higher standard for their admission than in other cases. There is not, however, a lower standard. In cases cited by both parties, although not highlighted by Defendant, the declarations are by employees who declare that they work with the relevant records, are responsible for the records in some manner, or, at least whose title appears to be one which would work with the records, i.e., human resources employee, Human Resources Manager, etc. *Jimenez v. Allstate Ins. Co.*, 2011 U.S. Dist. LEXIS 3327, *6-7 (C.D. Cal. Jan. 7, 2011)*; Schuyler v. Morton's of Chi., Inc.*, 2011 U.S. Dist. LEXIS 10130, *6, 9 (C.D. Cal. Jan. 25, 2011).

There is still no indication over what area Ms. Feese is Vice-President or what her title as an "officer" may be, nor why she would be in a position to provide a declaration. Feese Dec. ¶ 2.

Ms. Feese states "the number of individuals who allegedly worked in California as title assistants or equivalent positions exceeds 300." Feese Dec. ¶ 9. "Allegedly worked in California" is unintelligible. Company employees of other states that claim they worked in California? People living in California that claim they worked for the Company, but Defendant believes they cannot prove it?

It is a simple, but central, fact for Defendant's Removal. But it is not admissible under the most relaxed standard.

### C. Defendant's Declaration is Inadequate

Even if some or all of the declaration offered by Defendant is considered, it does not meet Defendant's burden. A review of some of the cases cited in Defendant's opposition shows why.

Defendant relies on a completely different type of case, involving third party charges passed through to telephone customers. It does, however, illustrate the kind of declaration that may support removal. *Lewis v. Verizon Communs.*, Inc., 627 F.3d 395, 397 (9th Cir. 2010). In support of removal, Verizon's declarant stated:

> I have reviewed Verizons records for charges billed by Verizon on behalf of ESBI to landline telephone subscribers in California from March 1, 2006 to the present.

*Lewis, supra* at 397.

Verizon's declarant reviewed <u>all the records for the putative class for the entire class period</u>. In support of Chicago Title's removal, Ms. Feese stated, as discussed above, there were "three hundred" people "allegedly" in the class, and she reviewed the earnings of the three Plaintiffs, nothing more. An employer does not need to review every class members records to oppose remand, but it needs to do more than Chicago Title has here, as its other citations show.

In a wage and hour putative class action, defendant supplied a declaration from its "<u>compensation manager</u>," based on his "<u>personal knowledge</u> and review of relevant business records," the "number of putative class members, their average hourly pay, and other relevant information." *Ray v. Wells Fargo Bank, N.A.*, 2011 U.S. Dist. LEXIS 53155 (C.D. Cal. May 9, 2011). As noted above, this would be the expected declarant; a "compensation manager" with "personal knowledge" of the records. Just as important, unlike Chicago Title, this defendant's evidence addressed "the average hourly pay" of <u>all class members</u>.

**D.  Defendant's Assumptions are Unsupported**

Defendant's assumptions about the putative class members' claims is unsupported. For example, it never provides evidence of, but also never explains, or even argues, why all the members of the class must make the same hourly rate as the Plaintiffs. It simply assumes they do without any discussion of the numerous job titles alleged to be covered, and the inevitable disparity based on experience, tenure, skills, and geography.

Defendant's assumptions regarding the amounts of violations are totally unsupported and cannot be accepted. Again, one of its own citations show why its assumptions are unsupported and it has not met its burden for removal.

A complaint alleged plaintiff and "putative class members 'regularly and/or consistently worked in excess of eight (8) hours in a day and/or in excess of forty (40) hours in a week' and that Defendant 'failed to pay for all hours Defendants suffered and/or permitted them to work, including for overtime wages owed to Plaintiff and class members.'" *Jimenez,* \* 6-7. Based on this, defendant "estimated **one hour of unpaid overtime compensation per week** for each putative class member and arrived at a figure of $6,356,039.04 for the class period." *Id.* \* 7. (emphasis added).

Peters and the other Plaintiffs alleged:

> Insofar as work by Plaintiffs and class members in excess of eight (8) hours in a day, and in excess of forty (40) hours per week, were not compensated at one-half times their regular rate of pay, Defendants willfully violated the provisions of Labor Code section 1194 and 1198 and IWC Wage Order 4-2001, and is liable to the Plaintiffs and the class members for unpaid overtime wages, in an amount subject to proof.

FAC, ¶ 30.

Based on that allegation, Chicago Title estimates overtime at **five times** the rate used in *Jimenez.* "Assuming **one overtime hour worked per day**," "**multiplied by 5 days per week**." Notice of Removal, ¶ 18 (b).  This is not the kind of "reasonable and conservative" calculation which might support removal. *Jimenez,* *6.

A case not cited by Defendant makes the same point.

> In calculating the purported $9,000,000 amount in controversy, Defendant improperly extrapolated these limited allegations, infusing each with extensive assumptions. First, **Defendant assumes, without any evidence, that each class member missed one meal period and one rest period five times per week during each of their pay periods. There is simply no evidence to support this assumption**.

*Campbell v. Vitran Express, Inc.*, 2010 U.S. Dist. LEXIS 132071 (C.D. Cal. Aug. 16, 2010) (emphasis added.)

Although *Campbell* was decided under a legal certainty standard, there can be no different result here: no means no.  Assumptions, <u>with no evidence</u> cannot meet any burden, no matter how modest. See, *Pereira v. Gate Gourmet*, Inc., 2009 U.S. Dist. LEXIS 41330 (C.D. Cal. Apr. 30, 2009).

Defendant's citation of a case analyzing whether a single plaintiff met the $75,000 amount in controversy standard offers no support. *Schuyler, supra*. Chicago Title does not attempt to do prove anything with respect to an individual Plaintiff, its primary flaw is the unsupported assumptions it offers regarding the class.

*Campbell* also disapproves of cases which would apply standards in consumer cases, with have fixed maximum penalties, rather than penalties in wage and hour cases which are "heavily dependent on the number of" days, or

pay periods a violation occurs. *Id.* \*10-11, disapproving *Korn v. Polo Ralph Lauren Corp.*, 536 F. Supp. 2d. 1199 (E.D. Cal. 2008).

### III. CONCLUSION

For all the foregoing reasons, Plaintiffs respectfully request this motion be granted and that the matter be remanded to the Superior Court for the County of Los Angeles for further proceedings.

**COHELAN KHOURY & SINGER**
**LAW OFFICES OF WAGNER & JONES**
**CORNWELL & SAMPLE**
Counsel for Plaintiffs

Dated: July 1, 2011        By: /s/Jeff Geraci
                                   Jeff Geraci