1  Timothy D. Cohelan, Esq., SBN 60827
   Isam C. Khoury, Esq., SBN 58759
2  Michael D. Singer, Esq., SBN 115301
   Jeff Geraci, Esq., SBN 151519
3  **COHELAN KHOURY & SINGER**
   605 C Street, Suite 200
4  San Diego, CA 92101-5305
   Telephone: (619) 595-3001/Facsimile: (619) 595-3000
5
   Attorneys for Plaintiffs LAURA PETERS, CLAUDINE KUHN,
6  and MICHELLE MANNING, on behalf of themselves
   and all others similarly situated
7
   [*additional counsel listed on signature page*]
8
                **UNITED STATES DISTRICT COURT**
9
        **CENTRAL DISTRICT OF CALIFORNIA - SOUTHERN DIVISION**
10

| | |
|---|---|
| LAURA PETERS, CLAUDINE KUHN, MICHELLE MANNING, on behalf of themselves and all others similarly situated, | **CASE NO. CV11-04286 JVS (MLGx)** |
| | **SECOND AMENDED COMPLAINT** |
| Plaintiffs, | <u>CLASS ACTION</u> |
| vs. | 1.  Unpaid Overtime (Labor Code §§ 1194 and 1198, IWC Order 4-2001) |
| FIDELITY NATIONAL TITLE INSURANCE COMPANY, a California corporation; CHICAGO TITLE INSURANCE CORPORATION, a Nebraska corporation; LAWYERS TITLE COMPANY, a California corporation; and, COMMONWEALTH LAND TITLE COMPANY, a California corporation; | 2.  Failure to Timely Pay Wages Due at Termination (Labor Code § 203) |
| | 3.  Illegal Record Keeping (Labor Code § 226) |
| | 4.  Unfair Business Practices (Bus. & Prof. Code §§ 17200 et seq.) |
| Defendants. | DEMAND FOR JURY TRIAL |

24       Plaintiffs LAURA PETERS, CLAUDINE KUHN, MICHELLE

25  MANNING on behalf of themselves and all others similarly situated

26  ("Plaintiffs"), file this Second Amended Complaint against Defendants

27  FIDELITY NATIONAL TITLE INSURANCE COMPANY; CHICAGO TITLE

28

1  INSURANCE CORPORATION; LAWYERS TITLE COMPANY; and

2  COMMONWEALTH LAND TITLE COMPANY. Plaintiffs are informed and

3  believe, and on the basis of that information and belief, allege as follows:

4                                                    **I.**

5                                         **INTRODUCTION**

6          1.      This case arises out of Defendants' failure to pay legally required

7  overtime wages for all hours worked in excess of eight (8) hours per day, and/or

8  forty (40) hours per week, requiring employees to work off-the-clock, failure to

9  pay all wages due to former employees, and failure to provide accurate itemized

10  wage statements, plus interest, attorneys' fees and costs under California Labor

11  Code sections 1194 and 1198, 203, and 226(b).  Plaintiffs, on behalf of

12  themselves and all other members of the class alleged herein, also bring an action

13  for monetary recovery for Defendants' violations of California Business and

14  Professions Code sections 17200, et seq., as a result of their unlawful, fraudulent

15  and unfair business practices, as well as injunctive relief.

16          2.      Defendants operated, or at all times during the relevant time period

17  or liability period, have done business as providers of title insurance and real

18  estate transaction services in the State of California and throughout the United

19  States.  Defendants have, among other things, employed persons as non-exempt

20  employees with job titles including title assistants, escrow assistants, assistant

21  title coordinators and/or equivalent positions and/or other similarly designated

22  titles to coordinate title insurance and real estate transaction services in the

23  residential and commercial real estate market.

24          3.      Defendants use numerous subsidiary corporations to provide title

25  insurance and related real estate transaction services to the residential and

26  commercial real estate market within California.

27  ///

28  ///

---

## II.

## JURISDICTION AND VENUE

4.     Plaintiff LAURA PETERS is an individual residing in the County of Los Angeles, California.  Plaintiff was employed by Commonwealth Land Title Company in Los Angeles, California from December 2004 through June 2008, performing duties related to title and escrow services and was referred to as an Assistant, an Assistant NCS Coordinator, and other titles. She also received paychecks which listed her employer as "Lawyers Title Company."

5.     Plaintiff CLAUDINE KUHN is an individual residing in the County of San Diego, California.  Plaintiff was employed by Commonwealth Land Title Company in the County of Contra Costa, California as an Escrow Assistant from 2003 until September of 2006.

6.     Plaintiff MICHELLE MANNING is an individual residing in the County of Los Angeles, California.  Plaintiff was employed by Defendant in Los Angeles, California as a Title Secretary, Sales Assistant, and a Title Assistant for Commonwealth Land Title Company between June, 2001, and 2006.  She also received paychecks which listed her employer as "Lawyers Title Company."

7.     The Plaintiffs and each class member were employees of LandAmerica Financial Group, Inc., and/or its operating divisions and subsidiaries, including but not limited to, Lawyers Title Company, Lawyers Title Insurance Corporation, Commonwealth Land Title Company, Commonwealth Land Title Insurance Company, Fidelity within the State of California, and were subject to the unlawful policies alleged during the period which began four (4) years before the original complaint in this matter was filed on September 3, 2008. In 2008, Fidelity National Title Insurance Company and Chicago Title Insurance Corporation, purchased and began to manage the other Defendants, and/or the employees of the other Defedants became employees of Fidelity and/or Chicago Title.

1    8.    Plaintiffs brings this action on behalf of themselves and similarly

2  situated employees of Defendant pursuant to Business and Professions Code

3  sections 17200, et. seq.

4    9.    The California Superior Court also has jurisdiction in this matter due

5  to Defendants' violations of Labor Code sections 203, 226(b), 1194 and 1198,

6  and Business and Professions Code sections 17200, et. seq.

7    10.    The California Superior Court also has jurisdiction in this matter

8  because both the individual and aggregate monetary damages and restitution

9  sought herein exceed the minimal jurisdictional limits of the Superior Court and

10  will be established at trial, according to proof.  Venue as to all Defendants is

11  proper in this judicial district, pursuant to California Code of Civil Procedure

12  sections 395 (a) and 395.5 because Plaintiffs Peters and Manning reside in the

13  County of Los Angeles and at least some of the acts complained of herein

14  occurred in the County of Los Angeles.  Defendants either own, maintain offices,

15  transact business, have an agent or agents within the County of Los Angeles, has

16  its principal place of business in the County of Los Angeles, or otherwise are

17  found within the County of Los Angeles and Defendants are within the

18  jurisdiction of this Court for purposes of service of process.

19                                          **III.**

20                                        **PARTIES**

21  **A.    Plaintiffs**

22    11.    Plaintiffs Laura Peters, Claudine Kuhn, and Michelle Manning are

23  individuals over the age of eighteen (18) and are and/or at all times mentioned in

24  this Complaint were residents of the State of California.

25    12.    Plaintiffs Laura Peters, Claudine Kuhn, and Michelle Manning have

26  worked for Defendants as California-based non-exempt employees during the

27  relevant time period.

28

Second Amended Class Action Complaint          **-4-**          CASE NO. CV11-04286 JVS (MLGx)

13.    Plaintiffs Laura Peters, Claudine Kuhn, and Michelle Manning failed to receive one and one-half times their regular rate of pay, including commissions, when working hours in excess of eight (8) hours per day, and/or in excess of forty (40) hours per week.

14.    Plaintiffs Laura Peters, Claudine Kuhn, and Michelle Manning worked off-the-clock hours in excess of eight (8) hours per day, and/or forty (40) hour per week without receiving one and one-half times their regular rates of pay, including commissions.

15.    Plaintiffs Laura Peters, Claudine Kuhn, and Michelle Manning allege that Defendants did not maintain accurate records pursuant to Labor Code section 226(a) and seek penalties from Defendants pursuant to Labor Code section 226(e).

16.    Plaintiffs Laura Peters, Claudine Kuhn, and Michelle Manning no longer work for any Defendant and seek waiting time penalties from Defendants pursuant to Defendants' violations of Labor Code section 203.

**B.    Defendants**

17.    LandAmerica Financial Group, Inc. was a Virginia corporation qualified to do business and actually doing business in the State of California. LandAmerica Financial Group, Inc., owned and operated an industry, business and establishment in numerous separate geographical, including, but not limited to, the County of Los Angeles, for the purpose of providing title insurance and real estate transaction services within the State of California and throughout the United States, through subsidiaries and related companies such as Defendants Lawyers Title Company, and Commonwealth Land Title Company. In 2008, a sale of many of LandAmerica's subsidiaries was completed, including Lawyers Title Company, and Commonwealth Title Company, and/or the entities which controlled these Defendants.  The purchasers were Fidelity National Title Insurance Company, a California Corporation; and Chicago Title Insurance

1  Company, a Nebraska Corporation. It is believed that the management of the

2  California subsidiaries and related companies, including Lawyers Title Company,

3  and Commonwealth Title Company, was conducted by Fidelity, and/or its

4  subsidiaries, and that all Defendants acted as joint employers, co-employers, or as

5  the agents of the other Defendants.

6       18.    Plaintiffs are informed and believe, and based thereon allege, that

7  each of the Defendants is legally responsible in some manner for the unlawful

8  acts referred to herein.

9       19.    Plaintiffs are informed and believe, and based thereon allege, that

10  Defendants acted in all respects pertinent to this action as the agents of the other

11  DOE Defendants, carried out a joint scheme, business plan or policy in all

12  respects pertinent hereto, and the acts of each Defendant are legally attributable to

13  the other Defendants as each Defendant has ratified, approved, and authorized the

14  acts of each of the remaining Defendants with full knowledge of said acts.

15                               **IV.**

16                    **CLASS ACTION ALLEGATIONS**

17       20.    Plaintiffs bring this action on behalf of themselves and all others

18  similarly situated as a class action pursuant to Rule 23 of the Federal Rules of

19  Civil Procedure, and Section 382 of the California Code of Civil Procedure.  The

20  proposed class and subclasses which the Plaintiffs seek to represent are composed

21  of current and former non-exempt employees of Defendants including but not

22  limited to, Lawyers Title Company, Commonwealth Land Title Company,

23  Commonwealth Land Title Insurance Company, Fidelity National Title Insurance

24  Company, and Chicago Title Insurance Company, with job titles including title

25  assistants, escrow assistants, title coordinators, assistant title coordinators,

26  assistant commercial coordinators, and/or equivalent positions or similarly

27  designated titles, within the State of California, including during the time any of

28  these entities was owned, controlled, or managed by Fidelity National Title

Insurance Company, Chicago Title Insurance Company.  Plaintiffs seek to represent a Class composed of and defined as follows:

> **CLASS**:  All non-exempt employees of Lawyers Title Company, Commonwealth Land Title Company, Fidelity National Title Insurance Company, and Chicago Title Insurance Company, employed in California as title assistants, escrow assistants, title coordinators, assistant title coordinators, assistant commercial coordinators, and/or equivalent positions, on or after the date that is four (4) years before the filing of the original Complaint in this action up to and including the time of trial for this matter ("Class Period").

21.    The proposed Subclasses which Plaintiffs seek to certify are currently composed of and defined as follows:

> A.   **Subclass "A":** All class members who did not receive overtime wages for hours worked greater than eight per day or forty per week at any time within four (4) years prior to filing the initial Complaint in this action through the time of trial for this matter.

> B.   **Subclass "B":** All class members who did not receive overtime wages calculated at the legally required rate for hours worked greater than eight per day or forty per week at any time within four (4) years prior to filing the initial Complaint in this action through the time of trial for this matter.

22.    Throughout discovery in this litigation, Plaintiffs may find it appropriate and/or necessary to amend the definition of the Class and/or Subclasses.  In any event, Plaintiffs will formally define and designate a class definition at such time when Plaintiffs seek to certify the Class and Subclasses alleged herein.

23.   **Ascertainable Class**:  The proposed class and each subclass are ascertainable in that their members can be identified and located using information contained in Defendants' payroll and personnel records.

24.   **Numerosity:**  The potential quantity of members of the Class and Subclasses as defined is so numerous that joinder of all members would be unfeasible and impractical.  The disposition of their claims through this class action will benefit both the parties and this Court. The quantity of members of the Class and Subclasses is unknown to Plaintiffs at this time, however, it is estimated that the Class numbers in excess of 100 individuals.  The quantity and identity of such membership is readily ascertainable by inspection of Defendants' records.

25.   **Typicality:**  The claims of Plaintiffs are typical of the claims of all members of the Class and Subclasses mentioned herein because all members of the Class and Subclasses sustained injuries and damages arising out of Defendants' common course of conduct in violation of law and the injuries and damages of all members of the Class and Subclasses were caused by Defendants' wrongful conduct in violation of law, as alleged herein.

26.   **Adequacy:**  Plaintiffs are adequate representatives of the Class and Subclasses herein, will fairly protect the interests of the members of the Class and Subclasses, have no interests antagonistic to the members of the Class and Subclasses and will vigorously pursue this suit via attorneys who are competent, skilled and experienced in litigating matters of this type.  Class Counsel are competent and experienced in litigating large employment law class actions.

27.   **Superiority**:  The nature of this action and the nature of laws available to Plaintiffs makes use of the class action format a particularly efficient and appropriate procedure to afford relief to Plaintiffs for the wrongs alleged herein, as follows:

a)    This case involves large corporate Defendants and a large number of individual class members with many relatively small claims and common issues of law and fact;

b)    If each individual member of each of the Class and Subclasses was required to file an individual lawsuit, the large corporate Defendants would necessarily gain an unconscionable advantage because Defendants would be able to exploit and overwhelm the limited resources of each individual member of the Class and Subclasses with Defendants' vastly superior financial and legal resources;

c)    Requiring each individual member of each Class and Subclass to pursue an individual remedy would also discourage the assertion of lawful claims by the members of the Class and Subclasses who would be disinclined to pursue an action against Defendant because of an appreciable and justifiable fear of retaliation;

d)    Proof of a common business practice or factual pattern, of which the members of the Class and Subclasses experienced, is representative of the Class and Subclasses herein and will establish the right of each of the members of the Class and Subclasses to recover on the causes of action alleged herein;

e)    The prosecution of separate actions by the individual members of the Class and Subclasses, even if possible, would create a substantial risk of inconsistent or varying verdicts or adjudications with respect to the individual members of the Class and Subclasses against Defendants; and which would establish potentially incompatible standards of conduct for Defendants; and/or legal determinations with respect to

individual members of the Class and Subclasses which would,
as a practical matter, be dispositive of the interest of the other
members of the Class and Subclasses who are not parties to
the adjudications or which would substantially impair or
impede the ability of the members of the Class and Subclasses
to protect their interests; and

f) The claims of the individual members of the Class and
Subclasses are not sufficiently large to warrant vigorous
individual prosecution considering all of the concomitant costs
and expenses attending thereto.

g) Furthermore, as the damages suffered by each individual
member of the class may be relatively small, the expenses and
burden of individual litigation would make it difficult or
impossible for individual members of the class to redress the
wrongs done to them, while an important public interest will
be served by addressing the matter as a class action.

h) The cost to the court system of adjudication of such
individualized litigation would be substantial.  Individualized
litigation would also present the potential for inconsistent or
contradictory judgment.

i) Finally, the alternative of filing a claim with the California
Labor Commission is not superior, given the lack of discovery
in such proceedings, the availability of fewer remedies, and
the fact that the losing party has the right to a trial de novo in
the Superior Court.

28. **Existence and Predominance of Common Questions of Fact and
Law**:

1    There are common questions of law and fact as to the members of the Class

2   and Subclasses which predominate over questions affecting only individual

3   members of the Class and Subclasses including, without limitation:

4         a)    Whether Defendants paid the proper overtime rate based both

5               on class members' hourly rate plus commissions for all hours

6               worked in excess of eight (8) hours a day, and/or forty (40)

7               hours in a workweek;

8         b)    Whether Defendants failed to pay class members overtime

9               wages for hours worked in excess of eight (8) hours a day,

10              and/or forty (40) hours in a workweek;

11        c)    Whether Defendants failed to keep adequate records for the

12              class members pursuant to California Labor Code §226(a) (and

13              the consequence for such statutory violations if Defendants did

14              not);

15        d)    Whether Defendants failed pay class members all wages due at

16              termination pursuant to California Labor Code §203 (and the

17              consequence for such statutory violations if Defendants did

18              not);

19        e)    Whether Defendants' conduct constitutes unfair competition

20              within the meaning of Business and Professions Code sections

21              17200, et seq.;

22        f)    Whether members of the Class and Subclasses are entitled to

23              compensatory damages, and if so, the means of measuring such

24              damages;

25        g)    Whether the members of the Class and Subclasses are entitled to

26              injunctive relief;

27        h)    Whether the members of the Class and Subclasses are entitled to

28              restitution;

i)      Whether Defendants are liable for pre-judgment interest; and

j)      Whether Defendants are liable for attorneys' fees and costs.

## V.

### FIRST CAUSE OF ACTION
**(Failure to Pay Overtime Wages in Violation of
California Labor Code §§ 1194, 1198, IWC Order 4-2001)**

29.     Plaintiffs incorporate all preceding paragraphs as though fully set forth herein.

30.     Wage Order 4 of the IWC, applicable to Defendants, provides that Plaintiffs and the other class members shall be paid one and one-half times their regular rate of pay for all hours in excess of eight (8) hours in a day up to twelve (12) hours and two times their regular rate of pay for all hours in excess of twelve (12) hours. It also provides that said employees should receive one and one-half times their regular rate of pay for all hours in excess of forty (40) hours in a week.

31.     Insofar as work in excess of eight (8) hours in a day, and in excess of forty (40) hours per week, was calculated without properly calculating the regular rate of pay, including all earned commissions, Defendants are liable to the Plaintiffs and the class members for unpaid overtime wages, in an amount subject to proof.

32.     Insofar as work by Plaintiffs and class members in excess of eight (8) hours in a day, and in excess of forty (40) hours per week, were not compensated at one-half times their regular rate of pay, Defendants willfully violated the provisions of Labor Code section 1194 and 1198 and IWC Wage Order 4-2001, and is liable to the Plaintiffs and the class members for unpaid overtime wages, in an amount subject to proof.

33.     In addition, the Plaintiffs and class members are entitled to interest on the unpaid overtime, attorneys' fees, costs, and as to former employees, waiting time penalties pursuant to Labor Code §203.

///

///

---

Second Amended Class Action Complaint

CASE NO. CV11-04286 JVS (MLGx)

## SECOND CAUSE OF ACTION
### (Failure to Timely Pay Wages Due at Termination in Violation of California Labor Code §203)

34.  Plaintiffs incorporate all preceding paragraphs as though fully set forth herein.

35.  Defendants had a consistent and uniform policy, practice and procedure of willfully failing to lawfully pay the earned and unpaid overtime wages of Defendants' former employees.

36.  Plaintiffs and certain members of the Class are no longer employed by Defendants. They were either discharged from or quit Defendants' employment.

37.  Defendants willfully failed to pay the Plaintiffs and certain members of the class a sum certain at the time of their termination or within seventy-two (72) hours of their resignation, and failed to pay those sums for thirty (30) days thereafter.

38.  Defendants' willful failure to pay wages to the Plaintiffs and certain class  members violates Labor Code section 203 because Defendants knew wages were due to the Plaintiffs and certain class members, but Defendants failed to pay them.

39.  Thus, Plaintiffs and certain class members are entitled to penalties pursuant to Labor Code section 203, in the amount of each class member's daily wage multiplied by thirty (30) days.

40.  Labor Code sections 201 and 202 requires Defendants to pay its employees all wages due within 72 hours of termination of employment.  Section 203 of the Labor Code provides that if an employer willfully fails to timely pay such wages the employer must, as a penalty, continue to pay the subject employee's wages until the back wages are paid in full or an action is commenced.  The penalty cannot exceed 30 days of wages.

///

///

1

2

**THIRD CAUSE OF ACTION**
**(Illegal Record Keeping in Violation of California Labor Code §226)**

3      41.    Plaintiffs incorporate all preceding paragraphs as though fully set forth

4    herein.

5      42.    Labor Code section 226 requires an employer to furnish its employees

6    with an accurate itemized statement in writing showing, among other things, (1)

7    gross wages earned, (2) total hours worked by each respective individual, (3) all

8    deductions, (4) net wages earned and/or (5) all applicable hourly rates in effect

9    during each respective pay period and the corresponding number of hours worked

10   by each respective individual.

11     43.    Therefore, pursuant to Labor Code section 226, California employers

12   are  required to maintain accurate records pertaining to the amount of wages earned

13   by the Plaintiffs and class members.

14     44.    The Plaintiffs and class members did not receive from Defendants

15   accurate itemized wage statements which accurately reflected their regular rate of

16   pay, number of hours worked, gross wages, and net wages earned.

17     45.    As a pattern and practice, in violation of Labor Code section 226(a),

18   Defendants did not provide Plaintiffs nor class members with accurate itemized

19   wage statements in writing showing, (1) regular rate of pay, (2) number of hours

20   worked, (3) gross wages earned, and/or (4) net wages earned by the Plaintiffs and

21   class members.

22     46.    Pursuant to Labor Code section 226(e), the Plaintiffs and class

23   members are entitled to penalties as follows:

24        A)    Fifty dollars ($50.00) per employee for the initial pay period in

25            which a violation occurs; and

26        B)    One hundred dollars ($100.00) per employee for each violation

27            in a subsequent pay period, not to exceed $4,000 per claimant;

28            and

C)    Pursuant to Labor Code section 226(g), the Plaintiff and class

members are entitled to injunctive relief to ensure Defendants'

compliance with Labor Code section 226.

47.    The Plaintiffs and class members are entitled to an award of costs and

reasonable attorneys' fees.

48.    Defendants knowingly and intentionally failed to comply with Labor

Code section 226(a) on each and every wage statement provided to Plaintiff and

class members.

### FOURTH CAUSE OF ACTION
**(Unfair Business Practices in Violation of California Bus. & Prof. Code §§
17200 et seq.)**

49.    Plaintiffs incorporate all preceding paragraphs as though fully set forth

herein.

50.    Defendants are unjustly enriched through the failure to provide

overtime wages under the IWC Wage Orders and under California Labor Code, and

failure to keep proper records, as alleged herein, and these constitute unlawful

activities prohibited by Business and Professions Code section 17200.

51.    The actions of Defendants in failing to pay Plaintiffs and class

members in lawful manner, as will be further alleged herein, constitute false,

unfair, fraudulent and deceptive business practices, within the meaning of Business

and Professions Code sections 17200, et seq.

52.    Plaintiffs are entitled to an injunction and other equitable relief against

such

unlawful practices in order to prevent future damage, for which there is no

adequate remedy at law, and to avoid a multiplicity of lawsuits.

53.    As a result of its unlawful acts, Defendants have reaped and continue

to reap unfair benefits at the expense of Plaintiffs, and the Class and Subclasses

they seek to represent.  Defendants should be enjoined from this activity and made

to disgorge these ill-gotten gains and restore to Plaintiffs and the members of the

1  Class and Subclasses the wrongfully withheld wages, pursuant to Business and
2  Professions Code section 17200, et seq.  Plaintiffs are informed and believe, and
3  thereon allege, that Defendants are unjustly enriched through the  failure to
4  properly pay overtime wages.

5          54.    Plaintiffs are informed and believe, and thereon allege, that Plaintiffs
6  and class members are prejudiced by Defendants' unfair trade practices.

7          55.    As a direct and proximate result of the unfair business practices of
8  Defendant, Plaintiffs individually and on behalf of all employees similarly situated,
9  are entitled to equitable and injunctive relief, including full restitution,
10  disgorgement, and/or specific performance of payment of all wages and pay that
11  have been unlawfully withheld from Plaintiffs and members of the class and
12  Subclasses as a result of the business acts and practices described herein and
13  enjoining Defendants to cease and desist from engaging in those practices.

14          56.    The illegal conduct alleged herein is continuing, and there is no
15  indication that Defendants will not continue such activity into the future.  Plaintiffs
16  allege that if Defendants are not enjoined from the conduct set forth in this
17  Complaint, they will continue to fail to properly pay overtime wages, and will
18  avoid paying appropriate taxes, insurance, and unemployment withholdings.

19          57.    Plaintiffs further request the court issue a preliminary and permanent
20  injunction prohibiting Defendants from engaging in the practices described above.

21                              **PRAYER FOR RELIEF**

22          WHEREFORE, Plaintiffs pray for judgment as follows:

23                  1.      That the Court determine that this action may be maintained as a
24                          class action;

25                  2.      Compensatory damages in an amount according to proof with
26                          interest thereon;

27                  3.      Economic and/or special damages in an amount according to
28                          proof with interest thereon;

Second Amended Class Action Complaint                          CASE NO. CV11-04286 JVS (MLGx)

4.      Penalties for employees who were owed wages at termination under Labor Code section 203;

5.      That Defendants be found to have engaged in unfair competition in violation of section 17200 of the California Business and Professions Code;

6.      That Defendants be ordered and enjoined to make restitution to the Class due to its unfair competition, including disgorgement of its wrongfully-obtained revenues, earnings, profits, compensation, and benefits, pursuant to California Business and Professions Code sections 17203 and 17204;

7.      That Defendants be enjoined to cease and desist from unfair competition in violation of section 17200 of the California Business and Professions Code;

8.      Pre-Judgment and Post-Judgement interest, as provided by Law;

9.      Attorneys' fees and costs; and

10.     For such other and further relief as the Court deems just and proper.

DATED: August 5, 2011          **COHELAN KHOURY & SINGER**
                               **LAW OFFICES OF WAGNER &**
                               **JONES**
                               **CORNWELL & SAMPLE**


                               **By:**/s/ Jeff Geraci_____
                                    Jeff Geraci
                                    Counsel for Plaintiffs


Nicholas Wagner, Esq., SBN 109455
Andrew B. Jones, Esq., SBN 076915
Daniel M. Kopfman, Esq., SBN          Stephen R. Cornwell, Esq., SBN 040737
192191                                **CORNWELL & SAMPLE**
**LAW OFFICES OF WAGNER &**            7045 No. Fruit Ave.
**JONES**                              Fresno, CA 93711
1111 E. Herndon, Suite 317            Telephone: (559) 431-3142/Facsimile:
Fresno, CA 93720                      (559) 436-1135
Telephone:  (559)
449-1800/Facsimile: (559) 449-0749

**PROOF OF SERVICE**

*Peters v. LandAmerica Financial Group, Inc.*
U.S.D.C. Case No. CV11-04286-JVS (MLGx)

I, Matthew Atlas, declare as follows:

I am employed in the county of San Diego, State of California.  I am over

the age of 18 and not a party to this action. My business address is 605 "C" Street,

Suite. 200, San Diego, CA 92101.

On August 5, 2011, I instituted service of the forgoing document(s)

described as, **SECOND AMENDED COMPLAINT,** on the following parties:

<table>
<tr><td><u>**Counsel for Defendant**</u></td><td><u>**Co-Counsel for Plaintiff**</u></td></tr>
<tr><td>Curtis Graham, Esq.<br>FORD & HARRISON<br>350 South Grand Avenue, Suite 2300<br>Los Angeles, CA  90071<br>Telephone: (213) 237-2405<br>cgraham@fordharrison.com</td><td>Nicholas Wagner, Esq.<br>Andrew B. Jones, Esq.<br>Daniel M. Kopfman, Esq.<br>LAW OFFICES OF WAGNER & JONES<br>1111 E. Herndon, Suite 317<br>Fresno, CA 93720<br>Telephone: (559) 449-1800<br>bwagner@wagnerjones.com</td></tr>
<tr><td></td><td>Stephen R. Cornwell, Esq.<br>CORNWELL & SAMPLE LLP<br>7045 N. Fruit Ave.<br>Fresno, CA 93711<br>Telephone: (559) 431-3142<br>steve@CornwellSample.com</td></tr>
</table>

in the following manner:

__x__ Submitting an electronic version of the document(s) via portable

document format (PDF) to the court at www.cacd.uscourts.gov/cmecf.

Service will be deemed effective as provided for by General Order 10-07 of

the District Court of California, Central District.

I declare that I am employed in the office of a member of the bar of this

court at whose direction this service is made.

Executed August 5, 2011, at San Diego, California.

_____
Matthew Atlas